IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID FRANKLIN WEST, TDCJ #02051612, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2591 |
| T. BORUNDA, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, David Franklin West (TDCJ #02051612), is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). West has filed this complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement [Doc. # 1]. At the Court's request, West has also filed a more definite statement of his claims [Doc. # 6]. Because he is incarcerated, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

## I.     BACKGROUND

West is presently confined by TDCJ at the Stiles Unit in Beaumont, Texas.[1] West sues the following individuals who are employed by TDCJ at the Byrd Unit in Huntsville:  (1) Law Librarian T. Borunda;  (2) Access-to-Courts Program Manager R. Pool; and (3) Warden Cook.[2]

West has a lengthy criminal record that includes over thirty prior felony and misdemeanor convictions.[3] He is presently in TDCJ as the result of two convictions that were entered against him on March 9, 2016, in Dallam County cause number 4471, for possession of tetrahydrocannabinol and methamphetamine.[4]

West was admitted to TDCJ most recently on March 15, 2016, and assigned initially to the Byrd Unit.[5] Upon his entry to TDCJ, prison officials confiscated the following publications after the defendants determined that they were "dangerous" contraband:  (1) Texas Uniform Commercial Code;  (2) "The UCC Connection";  (3) "Common Law Handbook for Juror's, Sheriff's, Bailiff's, and Justice's";   and (4)

---

[1]     Complaint [Doc. # 1], at 3.

[2]     *Id.*

[3]     More Definite Statement [Doc. # 6], at 14-16.

[4]     TDCJ Offender Information Details, located at http://www.offender.tdcj.texas.gov (last visited October 25, 2016).

[5]     More Definite Statement [Doc. # 6], at 1-2.

"Meet Your Strawman."[6]  West explains that he needs these books to help him interpret the Uniform Commercial Code ("UCC"), the Texas UCC, and the common law as applied to his Dallam County convictions and another civil case that he filed recently.[7]  In particular, West contends that the publications have helped him understand how his "all-capital-name" has been used against him as "a natural man and Sovereign Citizen" under an "Expatriation Statute" that was passed in 1868.[8]

West contends that the confiscation of his books has interfered with his access to courts.[9]  He requests a declaratory judgment and the return of his confiscated books.[10]

## II.   DISCUSSION

West contends that the confiscation of his books has interfered with his ability to litigate the direct appeal he has taken from his Dallam County convictions.[11]  In that proceeding, West has filed a motion to set aside the indictment as a "false instrument" under the UCC and other motions to challenge the judgment as a strawman or

---

[6]   Complaint [Doc. # 1], at 4.

[7]   More Definite Statement [Doc. # 6], at 2-4.

[8]   *Id.* at 3-4.

[9]   *Id.* at 5-9.

[10]  Complaint [Doc. # 1], at 4.

[11]  More Definite Statement [Doc. # 6], at 5.

sovereign citizen.[12] West contends that the confiscation of his books has also interfered with a federal civil action that West has filed against the parties involved in his Dallam County prosecution. *See West v. Enns et al.*, Civil No. 2:16-00118 (N.D. Tex.). In that case, West has lodged a "claim of lien" against State District Judge Ron Enns, Dallam County District Attorney David Green, Assistant District Attorney Larry Fadler, Dallam County Sheriff Bruce Scott, Dallam County Clerk of Court Terry Banks; Dallam County Jail Administrator Diane Guffy, and Dallam County Public Defender Tim Salley.[13]

Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). However, a prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). To succeed, a prisoner must show that his underlying claim was not frivolous. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

---

[12]     *Id.*

[13]     Complaint [Doc. # 3] in Civil No. 2:16-00118 (N.D. Tex.).

West does not show that he has been denied the opportunity to file a nonfrivolous legal claim. In that respect, courts routinely dismiss sovereign citizen claims. *See, e.g., United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that the sovereign citizen defense has "no conceivable validity in American law"); *Berman v. Stephens*, Civil No. 4:14-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (concluding that an inmate's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases); *Wirsche v. Bank of Am., N.A.*, Civil No. 7:13-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law – not a single time.").

Likewise, "[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." *Lewis v. Caruso*, Civil No. 1:08-28, 2008 WL 4283652, at *4 (W.D. Mich. Sept. 10, 2008) (citing *United States v. Gordon*, Civil No. 205-158, 2005 WL 2237640 (S.D. Ga. Aug. 25, 2005) (prisoners filed "facially absurd" liens and UCC financing statements designed to harass and intimidate government officials in the performance of their duties); *United States v. Orrego*, Civil No. 04-0008, 2004 WL 1447954 (E.D.N.Y. June 22, 2004) (prisoner

purported to copyright his name, after which he filed fraudulent liens against various government officials for using his name without permission or payment); *Ray v. Williams*, Civil No. 04-863, 2005 WL 697041 (D. Or. March 24, 2005) (prisoner engaged in fraudulent scheme by which he filed false UCC filings against government officials seeking payment for unauthorized use of his copyrighted name); *United States v. Martin*, 356 F. Supp. 2d 621 (W.D. Va. 2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); *United States v. Brum*, Civil No. 105-110, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); *Cooperwood v. McDonald*, Civil No. 2:05-111, 2005 WL 1427718 (W.D. Mich., June 13, 2005) (prisoner filed a fraudulent lien "for infringement of his copyrighted name"); *United States v. Stouder*, Civil No. 3:04-1044, 2005 WL 2715666 (M.D. Tenn. Sept. 2, 2005) (prisoner filed fraudulent UCC financing statements against government officials in the amount of $300,000,000.00)). As a matter of Texas law, liens created by or on behalf of inmates "are presumed to be fraudulent." TEX. GOV'T CODE § 405.022(b).

West does not allege facts showing that his books were otherwise confiscated in violation of his constitutional rights. *See Jones v. Caruso,* 569 F.3d 258, 275 (6th Cir. 2009) (concluding that prison officials have a legitimate interest in preventing prisoners from filing fraudulent UCC liens); *A'Gard v. Perez*, 919 F. Supp. 23 394 402 (S.D.N.Y. 2013) (upholding prison regulations restricting UCC materials, observing that such regulations were drafted to address the nationwide problem of prisoners filing fraudulent liens against public officials) (citing *Monroe v. Beard*, 536 F.3d 198, 207-09 (3d Cir. 2008)). Accordingly, West's complaint will be dismissed with prejudice as frivolous.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by David Franklin West (TDCJ #02051612) is **DISMISSED** with prejudice.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West**

**Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  October 27, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE